## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| DORA VALLES, EDWENIA SADLER, MARCUS FALCO, ERICA LEIBENSPERGER, and JAMES FINLEY, <br><br> *Plaintiffs*, <br> v. <br><br> I.C. SYSTEM, INC., <br><br> *Defendant*. | Case No. 6:19-cv-348 <br><br> **JURY TRIAL DEMANDED** |

### PLAINTIFFS' ORIGINAL COMPLAINT

DORA VALLES, EDWENIA SADLER, MARCUS FALCO, ERICA LEIBENSPERGER, AND JAMES FINLEY, ("Plaintiffs") bring this action against Defendant I.C. SYSTEM, INC., ("Defendant") to stop Defendant's practice of making illegal debt collection calls to the cellular telephones of Plaintiffs, and to obtain redress for injuries caused by Defendant's conduct. Plaintiffs, for their Complaint, allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

### INTRODUCTION

1.      "The right to be let alone is indeed the beginning of all freedom."[1]  Plaintiffs bring this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

2.      Defendant is a debt collection and payment processing company that engages in reckless and aggressive debt collection practices which outright ignore controlling federal law, and

---

[1] *Public Utilities Commission v. Pollak*, 343 U.S. 451, 467 (1952) (Douglas, J., dissenting).

the rights of the called parties.

3.      Defendant repeatedly made unsolicited calls to Plaintiffs' cellular telephones in violation of the TCPA.  Defendant made the unauthorized and illegal calls to Plaintiffs' cell phones using an automatic telephone dialing system ("ATDS") or pre-recorded voice for the purpose of bullying Plaintiffs into paying an allegedly deficient balance.  Defendant also called Plaintiffs after they clearly stated they did not wish to be called again.

## **PARTIES**

4.      Plaintiff, DORA VALLES is a natural person and citizen of Luling, TX.

5.      Plaintiff, EDWENIA SADLER is a natural person and citizen of Waco, TX.

6.      Plaintiff, MARCUS FALCO is a natural person and citizen of The Colony, TX.

7.      Plaintiff, ERICA LEIBENSPERGER is a natural person and citizen of Pottstown, PA.

8.      Plaintiff, JAMES FINLEY is a natural person and citizen of Sacramento, CA.

9.      Defendant I.C. SYSTEM, INC. is a corporation organized under the laws of the State of Minnesota. Defendant will receive notice of this suit by serving its registered agent for service in the State of Minnesota, John A. Erickson IV, 444 Hwy 96 E, Vadnais Heights, MN 55127.

10.     Whenever in this complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

2

## JURISDICTION & VENUE

11.     The Court has subject matter jurisdiction under 28 U.S.C. § 1331; this is a TCPA action.

12.     The Court has personal jurisdiction over Defendant.  Defendant has continuous and systematic contacts with this District through their debt collection scheme and is essentially at home here. Defendant conducts significant, ongoing business in this District and purposefully availed itself of this District. The Court has specific personal jurisdiction over Defendant because it targets this District with its wrongful, accused acts, and/or emanated those acts from this District. The exercise of personal jurisdiction over Defendant in this District does not offend traditional notions of fair play or substantial justice.

13.     Venue is proper in this District under 28 U.S.C. § 1391(b); a substantial part of the wrongful conduct giving rise to this lawsuit occurred in, was directed to, and/or emanated from this District.

## LEGAL BASIS FOR THE CLAIMS

### The TCPA

14.     Congress enacted the TCPA in 1991 to address certain practices thought to be an invasion of consumer privacy and a risk to public safety. The TCPA and the Federal Communications Commission's ("FCC") implemented rules prohibit: (1) making telemarketing calls using an artificial or prerecorded voice to residential telephones without prior express consent; and (2) making any non-emergency call using an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice to a wireless telephone number without prior express consent.  If the call includes or introduces an advertisement, or constitutes telemarketing,

3

consent must be in writing.[2]  Calls that include non-marketing messages require consent, but not written consent.  The TCPA grants consumers a private right of action, with a provision for $500 or the actual monetary loss in damages for each violation, whichever is greater, and treble damages for each willful or knowing violation, as well as injunctive relief.

15.     Since the TCPA's passage in 1991, the FCC has taken multiple actions implementing and interpreting the TCPA, and has issued numerous Declaratory Rulings clarifying specific aspects of the TCPA.

16.     Furthermore, the TCPA established the National Do-Not-Call List, and also mandates all businesses that place calls for marketing purposes maintain an "internal" do-not-call list ("IDNC").  *See* 47 C.F.R. § 64.1200(d).  The IDNC is "a list of persons who request not to receive telemarketing calls made by or on behalf of that [seller]."  *Id*.  The TCPA prohibits a company from calling individuals on its IDNC list or on the IDNC list of a seller on whose behalf the telemarketer calls, even if those individuals' phone numbers are not on the National Do-Not-Call Registry.  *Id.* at § 64.1200(d)(3), (6).  Any company, or someone on the company's behalf, who calls a member of the company IDNC is liable to that person under the TCPA.  The called party is then entitled to bring a private action under the TCPA for monetary and injunctive relief.

17.     Finally, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules."  In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration, 23 FCC

---

[2] Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered."  47 C.F.R. § 64.1200(f)(8).

Rcd. 559, 565, ¶ 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748 (Dec. 31, 2012).

18.     Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call.  Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

## FACTS APPLICABLE TO ALL PLAINTIFFS

19.     Defendant's debt collection campaign is a continuous course of conduct and a pattern of practice, conducted under a common policy or program. From at least 2015 and through 2016, Defendant engaged in an aggressive debt collection campaign ("Campaign") that targeted people across the nation. Plaintiffs were directly targeted by Defendant's Campaign.

20.     Plaintiffs share similar factual bases for Defendant's liability – marketing/debt collection pitch; lack of consent; use of an auto-dialer; targeting a cell phone; and loss of privacy, among others, all of which arise out of Defendant's Campaign.

## FACTS SPECIFIC TO PLAINTIFF DORA VALLES

21.     Beginning in June of 2015, Valles began to receive calls from telephone numbers 208-515-7484 and 307-316-7474,  both of which are associated with Defendant. Since that time, Valles has received at least 35 unauthorized calls from Defendant.

22.     Valles received all calls described above on her cellular telephone assigned a number ending in -9575.

23.     Defendant and/or third parties on Defendant's behalf, placed all the calls described above using an ATDS, as defined by 47 U.S.C. § 227(a)(1).

24.     When Valles answered the calls, there was a pause and then a recording connecting Valles with a representative.

5

25.      The purpose of the calls was to collect an allegedly past due debt owed by Valles to Defendant.

26.      To the extent Valles ever gave her consent to be called by an ATDS, she expressly revoked any such consent. Yet, defendant continued to call.

27.      Valles felt the calls were an invasion of her privacy and wanted Defendant to stop calling.  Defendant ignored Valles's requests and continued to call her.

28.      Based on the circumstances of the calls (e.g. dead air, large volume of calls, continued calls after protest), Valles believed Defendant called her cellular telephone using an ATDS that mechanically selected her number from a computer database.

29.      On information and belief, Defendant's ATDS called Valles on every occasion.

30.      The telephone number Defendant called was assigned to a cellular telephone service for which usage minutes accumulate when calls are placed to that number.

31.      Valles is the regular carrier and exclusive user of the cellular telephone assigned the number ending in -9575.

32.      Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

33.      All calls Defendant made to Valles violate 47 U.S.C. § 227.

**FACTS SPECIFIC TO PLAINTIFF EDWENIA SADLER**

34.      Beginning around the end of 2015, Sadler began to receive calls from the number 307-655-7560 which is associated with Defendant. Since that time, Sadler has received at least 16 unauthorized calls from Defendant.

35.      Sadler received all calls described above on her cellular telephone assigned a number ending in -3803.

6

36.     Defendant and/or third parties on Defendant's behalf, placed some, if not all of the calls described above using an ATDS, as defined by 47 U.S.C. § 227(a)(1) without Sadler's prior express written consent.

37.     When Sadler answered the calls, she heard short beeps, an automated message, and then was connected with a live representative.

38.     Sadler repeatedly told Defendant to stop calling and they had the wrong person. Yet, Defendant continued to call.

39.     The purpose of the calls was to collect on a debt allegedly owed by someone else to Defendant.

40.     To the extent Sadler ever provided consent to be called by an ATDS, she revoked any such consent.

41.     Sadler felt the calls were an invasion of her privacy and wanted Defendant to stop calling.  Defendant ignored Sadler's multiple requests and continued to call her.

42.     Based on the circumstances of the calls (e.g. dead air, large volume of calls, continued calls after protest), Sadler believed Defendant called her cellular telephone using an ATDS that mechanically selected her number from a computer database.

43.     On information and belief, Defendant's ATDS called Sadler on every occasion.

44.     The telephone number Defendant called was assigned to a cellular telephone service for which usage minutes accumulate when calls are placed to that number.

45.     Sadler is the regular carrier and exclusive user of the cellular telephone assigned the number ending in -3803.

46.     Defendant's calls were not for emergency purposes under 47 U.S.C. § 227(b)(1)(A)(i).

47.     All calls Defendant made to Sadler violate 47 U.S.C. § 227.

## FACTS SPECIFIC TO PLAINTIFF MARCUS FALCO

48.     Beginning in September of 2015, Falco began to receive calls from telephone numbers 703-656-9860 and 202-870-5875,  both of which are associated with Defendant. Since that time, Falco has received at least 42 unauthorized calls from Defendant.

49.     Falco received all calls described above on his cellular telephone assigned a number ending in -6713.

50.     Defendant and/or third parties on Defendant's behalf, placed all the calls described above using an ATDS, as defined by 47 U.S.C. § 227(a)(1).

51.     When Falco answered the calls, there was a pause and then a recording connecting Falco with a representative.

52.     The purpose of the calls was to collect an allegedly past due debt owed by Falco to Defendant.

53.     To the extent Falco ever gave his consent to be called by an ATDS, he expressly revoked any such consent. Yet, defendant continued to call.

54.     Falco felt the calls were an invasion of his privacy and wanted Defendant to stop calling.  Defendant ignored Falco's requests and continued to call him.

55.     Based on the circumstances of the calls (e.g. dead air, large volume of calls, continued calls after protest), Falco believed Defendant called his cellular telephone using an ATDS that mechanically selected his number from a computer database.

56.     On information and belief, Defendant's ATDS called Falco on every occasion.

57.     The telephone number Defendant called was assigned to a cellular telephone service for which usage minutes accumulate when calls are placed to that number.

58.     Falco is the regular carrier and exclusive user of the cellular telephone assigned the number ending in -6713.

59.     Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

60.     All calls Defendant made to Falco violate 47 U.S.C. § 227.

## FACTS SPECIFIC TO PLAINTIFF ERICA LEIBENSPERGER

61.     Beginning in July of 2015, Leibensperger began to receive calls from telephone number 307-316-7474, which is associated with Defendant. Since that time, Leibensperger has received at least 43 unauthorized calls from Defendant.

62.     Leibensperger received all calls described above on her cellular telephone assigned a number ending in -5177.

63.     Defendant and/or third parties on Defendant's behalf, placed all the calls described above using an ATDS, as defined by 47 U.S.C. § 227(a)(1).

64.     When Leibensperger answered the calls, there was a pause and then a recording connecting Leibensperger with a representative.

65.     The purpose of the calls was to collect an allegedly past due debt owed by Leibensperger to Defendant.

66.     To the extent Leibensperger ever gave her consent to be called by an ATDS, she expressly revoked any such consent. Yet, defendant continued to call.

67.     Leibensperger felt the calls were an invasion of her privacy and wanted Defendant to stop calling.  Defendant ignored Leibensperger's requests and continued to call her.

68.     Based on the circumstances of the calls (e.g. dead air, large volume of calls, continued calls after protest), Leibensperger believed Defendant called her cellular telephone using an ATDS that mechanically selected her number from a computer database.

69.     On information and belief, Defendant's ATDS called Leibensperger on every occasion.

70.     The telephone number Defendant called was assigned to a cellular telephone service for which usage minutes accumulate when calls are placed to that number.

71.     Leibensperger is the regular carrier and exclusive user of the cellular telephone assigned the number ending in -5177.

72.     Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

73.     All calls Defendant made to Leibensperger violate 47 U.S.C. § 227.

## FACTS SPECIFIC TO PLAINTIFF JAMES FINLEY

74.     Beginning in June of 2016, Finley began to receive calls from telephone numbers 605-496-0709 and 307-316-7474, both of which are associated with Defendant. Since that time, Finley has received at least 21 unauthorized calls from Defendant.

75.     Finley received all calls described above on his cellular telephone assigned a number ending in -7703.

76.     Defendant and/or third parties on Defendant's behalf, placed all the calls described above using an ATDS, as defined by 47 U.S.C. § 227(a)(1).

77.     When Finley answered the calls, there was a pause and then a recording connecting Finley with a representative.

10

78.     The purpose of the calls was to collect an allegedly past due debt owed by Finley to Defendant.

79.     To the extent Finley ever gave his consent to be called by an ATDS, he expressly revoked any such consent. Yet, defendant continued to call.

80.     Finley felt the calls were an invasion of his privacy and wanted Defendant to stop calling.  Defendant ignored Finley's requests and continued to call him.

81.     Based on the circumstances of the calls (e.g. dead air, large volume of calls, continued calls after protest), Finley believed Defendant called his cellular telephone using an ATDS that mechanically selected his number from a computer database.

82.     On information and belief, Defendant's ATDS called Finley on every occasion.

83.     The telephone number Defendant called was assigned to a cellular telephone service for which usage minutes accumulate when calls are placed to that number.

84.     Finley is the regular carrier and exclusive user of the cellular telephone assigned the number ending in -7703.

85.     Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

86.     All calls Defendant made to Finley violate 47 U.S.C. § 227.

## FIRST CAUSE OF ACTION
## ALL PLAINTIFFS
### (VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, U.S.C. § 227, *ET SEQ.*)

87.     Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

88.     The foregoing acts and omissions of Defendant constitute numerous and multiple

violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq*. and 47 C.F.R. §64.1200, *et seq*.

89.     As a result of Defendant's violations of 47 U.S.C. § 227, *et seq*., and 47 C.F.R. §64.1200, *et seq.,* Plaintiffs are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

90.     Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**
**ALL PLAINTIFFS**
**(KNOWING AND/OR WILLFUL VIOLATION OF**
**THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.*)**

91.     Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

92.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq*. and 47 C.F.R. §64.1200, *et seq*.

93.     As a result of Defendant's violations of 47 U.S.C. § 227, *et seq*., and 47 C.F.R. §64.1200, *et seq.*, Plaintiffs are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

94.     Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**ATTORNEY'S FEES**

95.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

96.     Plaintiffs are entitled to recover reasonable attorney fees and request that attorneys'

fees be awarded.

## JURY DEMAND

97.     Plaintiffs demand a jury trial on all issues triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

- An award of $500.00 in statutory damages, for each and every negligent

  violation, pursuant to 47 U.S.C. § 227, *et seq*.;

- An award of $1,500.00 in statutory damages, for each and every willful and/or

  knowing violation, pursuant to 47 U.S.C. § 227, *et seq*.;

- An award of $1,000.00 in statutory damages, for each and every violation,

  pursuant to 15 U.S.C. § 1692, *et seq*.;

- Actual damages, including mental anguish.

- Preliminary and permanent injunctive relief enjoining Defendant, its agents,

  servants and employees, and all persons acting in concert with them, from

  engaging in, and continuing to engage in, the unlawful calls made with

  automated dialing systems to cellular phones, and enjoining Defendant from

  engaging in abusive and oppressive collection practices as outlined in this

  Complaint.

- Attorneys' fees, costs and any and all other relief deemed just and proper.

Dated: June 3, 2019                          Respectfully submitted,


                                             */s/ W. Craft Hughes*
                                             W. Craft Hughes
                                             TX bar no. 24046123
                                             Jarrett L. Ellzey
                                             TX bar no. 24020864
                                             **HUGHES ELLZEY, LLP**
                                             1105 Milford Street
                                             Houston, TX 77066
                                             Phone: (713) 322-6387
                                             Fax: (888) 995-3335
                                             craft@hughesellzey.com
                                             jarrett@hughesellzey.com


                                             Bryant A. Fitts
                                             TX bar no. 24040904
                                             **FITTS LAW FIRM, PLLC**
                                             2700 Post Oak Blvd., Ste. 1120
                                             Galleria Tower I
                                             Houston, TX 77056
                                             Phone: (713) 871-1670
                                             Fax: (713) 583-1492
                                             bfitts@fittslawfirm.com


                                             **ATTORNEYS FOR PLAINTIFFS**